**UNITED STATES of America,**
Appellee,

v.

**Manuel VILLARINI, Defendant–**
Appellant.

No. 07–0330–cr.

United States Court of Appeals,
Second Circuit.

Nov. 4, 2008.

Erskine D. McIntosh, The Law Offices of Erskine D. McIntosh, P.C., Hamden, CT, for Appellant.

Robert M. Spector, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, on the brief, Sandra S. Glover, Assistant United States Attorney, of counsel), Hartford, CT, for Appellee.

Present DENNIS JACOBS, Chief Judge, ROSEMARY S. POOLER, and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Appellant Manuel Villarini pleaded guilty to conspiring to distribute one hundred grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. He was sentenced principally to 168 months imprisonment. On appeal, Villarini asserts that the district court improperly considered his criminal history in refusing to impose a sentence below the range specified by the Sentencing Guidelines. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The district court calculated the applicable Guidelines range as 168 to 210 months The Guidelines range would have been 70 to 87 months, but for the fact that Villarini had three prior criminal convictions which qualified him as a "career offender," resulting in a range of 188 to 235 months. However, the district court elected to depart downward because it concluded that the "career offender" designation substantially overstated Villarini's criminal history. *See* U.S.S.G. § 4A1.3(b)(3)(A).

Villarini does not contest the district court's calculation of the applicable Guidelines range. Nor does Villarini claim that the district court failed to treat the Guidelines as advisory. Villarini argues that the district court erred in not granting Villarini's request for a non-Guidelines sentence, because, in its consideration of the relevant sentencing factors, the district court considered twelve prior convictions which were too old to be included in the calculation of criminal history points under the Guidelines.

We review the refusal to grant a non-Guidelines sentence for "abuse of discretion" and must "look to see whether the sentencing court erred in interpreting any of the [18 U.S.C.] § 3553(a) factors or made any other error of law" and "whether it made any clear error in assessing the evidence...." *United States v. Cutler*, 520 F.3d 136, 158 (2d Cir.2008). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006).

We do not find that the district court erred in assessing the evidence of Villarini's criminal history—which it did with appropriate attention to the fact that certain of Villarini's convictions were not recent. *See* Sentencing Tr. at 41 ("And if all of those convictions were really between age 18 and age 25, then one could say you had really put that all behind you, but it doesn't seem to be that way."). Moreover, the sentence imposed was at the bottom of the Guidelines range, calculated based on a reduction due to the district court's assessment that the "career offender" designation substantially overstated Villarini's criminal history. In arriving at this sentence, the district court properly assessed the Guidelines, the defendant's history, and the need for specific deterrence. *See* 18 U.S.C. § 3553(a).

We have considered defendant's remaining arguments and find them to be without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.